United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PHILLIPS PLASTICS CORPORATION, a Wisconsin Corporation; and DOES 1 THROUGH 100;<br><br>　　　　Defendants. | No. C-08-03094 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Phillips Plastics Corporation's Motion to Transfer or, Alternatively, to Stay Pending Patent Office Reexamination** |

　　　　Plaintiff Jens Erik Sorensen, as trustee of Sorensen Research and Development Trust, ("plaintiff") brought this action against defendant Phillips Plastics Corporation and several unnamed defendants (collectively "defendant") alleging patent infringement. Now before the court is defendant's motion to transfer this action to the United States District Court for the Southern District of California pursuant to 28 U.S.C., section 1404(a), or alternatively, to stay this action pending patent office reexamination. Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

　　　　Plaintiff filed this patent infringement action on June 26, 2008. See Binder Dec., Exh. C (Complaint). Plaintiff alleges that defendant's Craftsman tape measures, manufactured using a two-

1 part injection molding process, have infringed plaintiff's rights under U.S. Patent No. 4,935,184
2 ("the '184 patent").  See Complaint ¶¶ 1, 10-11.  Plaintiff, who resides in the Southern District of
3 California, sues in his capacity as a trustee of the Sorensen Research and Development Trust ("the
4 Sorensen Trust").  See id. ¶ 1; Binder Dec., Exh. K at 3, Exh. N at 64-67.  Defendant is a Wisconsin
5 corporation with its principal place of business in Phillips, Wisconsin, and a total workforce of
6 approximately 1,700.  Colin Dec. ¶ 3.  Defendant's "multi-shot" facility, where its two-part injected
7 molding products are manufactured, is located in Wisconsin.  Id. ¶ 3; Kramer Dec. ¶ 15.  Defendant
8 maintains a small facility in Sunnyvale, in the Northern District of California, at which it has
9 employed 2-3 persons over the last few years.  Colin Dec. ¶ 4.  The Sunnyvale facility has had no
10 involvement with the design, manufacturing, or sale of the accused products.  Id. ¶ 4; Johnson Dec. ¶
11 4.

12     Previously, plaintiff filed an action against defendant in the Southern District of California,
13 alleging that defendant's Black & Decker products infringed the '184 patent.  Sorensen v. Black &
14 Decker et al., No. C 06-1572 BTM (CAB) (S.D. Cal.).[1]  A co-defendant in that case requested a
15 reexamination of the '184 patent by the Patent and Trademark Office (PTO) on July 30, 2007.
16 Binder Dec., Exh. G at 5.  On September 10, 2007, Judge Moskowitz stayed Black & Decker
17 pending the reexamination, finding such stay to be appropriate to avoid the risk of unnecessary
18 litigation and to permit the clarification of the issues in the case.  Id., Exh. G at 10.  Judge
19 Moskowitz has subsequently stayed at least 17 other cases which involve the '184 patent and are
20 pending in his court.  Id., Exh. E.

21     Plaintiff, the Sorensen Trust, and two key witnesses (Paul Brown and Jens Ole Sorensen, the
22 '184 inventor) are all located in the San Diego area, which is in the Southern District of California.
23 Id. ¶ 5, Exh. N.  In the last year, plaintiff has filed five cases involving the '184 patent in the
24 Northern District of California, despite the fact that the Western District of Wisconsin, where
25 defendant resides, is reputed by some attorneys to be a patent holder-friendly "rocket docket."
26 Kramer Dec. ¶ 12, ¶ 16, Exh. D.  Plaintiff also filed two cases involving the '184 patent in the
27
28

2

1  Northern District of California in 2003, both of which have been settled and dismissed. Binder Dec.,
2  Exh. E at 11.

LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue lies within the broad discretion of the district court, and must be determined on an individualized basis. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.), citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The burden of showing that transfer is appropriate is on the moving party. The Carolina Casualty Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (Walker, J.).

District courts use a two-step analysis to determine whether a transfer is proper. The threshold question under section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought. 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). If venue would be appropriate in the would-be transferee court, then the court must make an "individualized, case-by-case consideration of convenience and fairness." Jones at 498. Among the factors that a district court may consider in deciding whether a transfer is in the interest of justice are: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) any forum selection clause; and (10) relevant public policy of the forum state. Jones at 498-99, citing Stewart at 29-31. This list of factors is non-exclusive. See id.

## DISCUSSION

### I.   Motion to Transfer

Defendant argues that the interests of justice and convenience would be served by transferring this action to the Southern District of California, where at least 17 other cases regarding the '184 patent are pending. Noting that the Northern District has virtually no connection to the parties or the patent, defendant argues that plaintiff is forum shopping and that, therefore, plaintiff's choice of forum should be accorded little deference. For his part, plaintiff argues that the court should defer to his choice of forum and asserts that defendant seeks transfer to the Southern District to exploit the likelihood that this action would, in that forum, be stayed pending reexamination of the '184 patent.

The court must first address the threshold question of whether this action could have been brought in the Southern District. See Hatch, 758 F.2d at 414. Neither party has argued to the contrary. Like this court, the Southern District has subject matter jurisdiction pursuant to 28 U.S.C., sections 1331 and 1338(a). The Southern District has already exercised personal jurisdiction over Phillips, and venue is proper because a defendant corporation is deemed to reside in any district in which it is subject to personal jurisdiction at the time the action commences. See 28 U.S.C. § 1391(c). The remaining inquiry is whether the requested transfer would enhance convenience and the interests of justice.

### A.   Convenience

Plaintiff argues that defendant is merely seeking "a convenient judge, not a convenient forum." If defendant were actually concerned with convenience, runs the argument, then defendant would have moved to transfer the action to the Western District of Wisconsin, where it maintains offices and facilities, including its multi-shot injection molding facility. Instead of bringing a motion to transfer the action to that forum—apparently considered by some to be a "rocket docket"— defendant is asking to transfer the action to southern California, where it is likely to be stayed.

4

1    Plaintiff's argument encounters two obstacles. First, plaintiff's assertion that defendant
2 could not possibly find the Southern District more convenient than the Northern District makes little
3 sense in light of the fact defendant is already a party to the Black & Decker case in the Southern
4 District. The Wisconsin district would plainly be more convenient for defendant if this case had no
5 relation to any other. However, in light of Black & Decker, it is entirely reasonable that defendant
6 would prefer venue in the Southern District, rather than the Western District of Wisconsin, to avoid
7 litigating two cases regarding the same patent against the same plaintiff in two separate venues
8 thousands of miles apart.

9    Second, plaintiff's charge that defendant is engaging in some degree of forum shopping is, if
10 true, hardly dispositive. It is clear that *both* parties are attempting to achieve tactical advantage in
11 the choice of a forum (which is a perfectly legitimate goal in an adversarial system of justice).
12 Plaintiff's explanation for why he chose to file this action in the Northern District of California is
13 "because it was one of several districts that had both a basis for jurisdiction and venue," Opp. at 2,
14 which, of course, is no explanation at all.[2] This invites an inference that plaintiff's purpose is to
15 avoid Judge Moskowitz and the possibility that the action will be stayed pending reexamination like
16 the lion's share of the other '184 actions. Plaintiff forum shopping "is not an evil to be avoided but .
17 . . an inherent part of our federal court network." Sun Pharmaceuticals Inds., Ltd. v. Eli Lilly & Co.,
18 2008 WL 1902111 at * 4 (E.D. Mich. Apr. 30, 2008). But neither do forum shopping motivations
19 necessarily bar a defendant's motion to transfer, as plaintiff would have it, where legitimate reasons
20 to transfer in the interest of justice or convenience exist.

21    Plaintiff incorrectly relies upon Williams Advanced Materials, Inc. v. Target Technology
22 Company, LLC, 2007 WL 2245886 (W.D.N.Y. 2007) (denying a motion to transfer for
23 convenience). In that case, the court found the defendant's alleged convenience arguments to be so
24 spurious as to be mere "pretense." Id. at *6. In the instant case, the presence of Black & Decker and
25 other '184 cases in the Southern District of California provides a non-pretextual reason for a transfer
26 to that district. Plaintiff also relies upon Greater Yellowstone Coalition v. Bosworth, 180 F. Supp.
27 2d 124 (D.D.C. 2001) (denying transfer), but the Greater Yellowstone plaintiffs had established a
28

5

1 nexus to the forum where they brought suit, by virtue of the fact that two of the five plaintiffs had
2 offices in the forum, among other reasons. Id. at 129. As discussed below, no such nexus to
3 northern California exists in the instant case. In short, a defendant's desire to litigate in a forum it
4 considers more favorable does not throw up an automatic bar to a section 1404(a) transfer.

5     Third, plaintiff has not shown that he is in any way inconvenienced by litigating in the
6 Southern District of California. Plaintiff, the Sorensen Trust, and at least two key witnesses are
7 located in the San Diego area. Indeed, in the view of plaintiff's counsel, northern California is
8 convenient to plaintiff, in part, because "it is a short plane ride away from San Diego." Kramer Dec.
9 ¶ 10. Plaintiff has not shown that he is inconvenienced by litigating in the Southern District.

10     For these reasons, the interests of convenience weigh somewhat in favor of a transfer to the
11 Southern District of California.

### B.    The Interests of Justice

The question of whether a transfer pursuant to section 1404(a) would serve the interests of justice requires analysis of a number of factors. See Jones, 211 F.3d at 498-499. The first and ninth Jones factors (location of agreement and existence of a forum selection clause) are inapplicable in a patent infringement case. The second factor (familiarity with the governing law) is inapplicable in a choice between two federal courts applying federal law. The third Jones factor is plaintiff's choice of forum. Although such choice is generally accorded substantial weight in ruling on a motion to transfer venue for convenience, it is given much less weight when the plaintiff commences an action in a forum in which he does not reside. See New Image, Inc. v. Travelers Indem. Co., 536 F. Supp. 58, 59 (E.D. Pa. 1981) (granting a change of venue where the plaintiff's chosen forum was not the plaintiff's place of residence). Plaintiff is a resident not of the Northern District of California, but of the Southern District. In such a case, plaintiff's choice of forum is accorded less deference. This factor weighs only somewhat in favor of venue in the Northern District of California.

The fourth and fifth Jones factors are the parties' respective contacts with the chosen forum and the contacts relating to the plaintiff's cause of action in the chosen forum. Plaintiff has not

6

established any significant contact with this district, his preference for filing lawsuits here notwithstanding. Plaintiff resides in the Southern District. Defendant does business in both forums and across the country. It maintains a small office in Sunnyvale, but that office has no significant connection to the accused products. Collectively, the parties have greater contacts with the Southern District than with this district. On balance, these factors favor transfer.

With respect to the sixth factor, the difference in the costs of litigation in the two forums, logic and experience dictate that litigating two cases in the same forum, whether or not they are ultimately consolidated, will generally entail less expense than litigating two separate cases in widely separated forums. This factor weighs in favor of transfer. So too do the factors of availability of compulsory process and ease of access to sources of proof. Plaintiff has not pointed to any significant evidence or witnesses located in the Northern District. In this case, it is likely that important witnesses will reside in Wisconsin and southern California.

Finally, general considerations of judicial economy weigh strongly in favor of transfer. This action involves two of the same parties and the same patent as an action currently pending in the Southern District. Indeed, the same patent is at issue in numerous cases in that district. Transfer avoids unnecessary duplication of activity and the possibility of inconsistent adjudications.

The balance of factors plainly weighs in favor of transferring the action.

II.     Proposed Stay

The court's disposition of the transfer motion renders the motion to stay moot. Therefore, the court need not rule on the wisdom of staying proceedings until reexamination of the '184 patent is complete. Whether the adjudication of this particular case would be facilitated by the awaiting the result of the reexamination is an issue to be argued before the court in the Southern District of California.

7

CONCLUSION

For the foregoing reasons, Phillips Plastics Corporation's motion to transfer this action to the Southern District of California is GRANTED. The Clerk of Court shall transmit the file forthwith to the Clerk of the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated: October 9, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1.  This scope of the instant complaint specifically excludes products sold by Black & Decker, such products being included in Black & Decker. Complaint ¶ 12.

2.  It so happens that the only recent case involving the '184 patent that has not been stayed pending reexamination is one that was filed in the Northern District. Sorensen v. Lexar Media, Inc., No. C08-0095 (N.D. Cal. Apr. 30, 2008) (Ware, J.).